Norris, J.
The plaintiff in error commenced this action in the court of common pleas, claiming right of recovery upon the following facts, which he sets up in his petition.
On the 25th of November, 1893, Jacob Powell died téstate in this county, and by his last will appointed Isaiah Powell and Albert C. Powell his executors, who duly qualified and gave bond conditioned according to law and entered upon the duties of executing said will.
During the progress of the administration of said estate by said executors, said estate was the owner of a certain judgment rendered in a case wherein one Susan Abrams was plaintiff and Paul Kemerer and said Jacob Powell and Isaiah Powell were defendants. Kemerer and Isaiah Powell, said executor, were the principal debtors, and Jacob Powell, the testator, was their surety, and in the judgment he was certified as such surety. These executors, during the progress of settling his estate, out of the moneys of said estate paid said judgment to Susan Abrams and had said judgment assigned to them as such executors, and held the same as an asset of said estate against said principal debtors whose duty it was to pay said judgment to said executors. Paul Kemerer and Isaiah Powell, the principal debtors, were wholly insolvent and refused to pay the same. About June 15, *400 .1895, Isaiah Powell resigned as executor, made his final report to the probate court of his doings as such executor, still failing to pay the judgment, never charged himself as such executor or otherwise with said judgment, but held the same at the time of his resignation, as a claim of doubtful collectibility, and the‘judgment has never been paid.
■ From and after the 8th of February, 1896, Albert C.. Powell has been the sole executor of said estate. On the 12th of Augusi;1898; Albert 0. Powell, as such sole executor, filed his application in the probate court of this county setting forth, in substance, that said judgment so held and owned by said estate was a desperate claim for the reason that said principal debtors were both insolvent, and sueh proceedings were had in said probate court under section 6077 of the Revised Statutes, that on’September 6th, 1898, said Albert Powell as such executor was..duly ordered by said court to sell said judgment as a desperate claim to the highest and best bidder. On October 4, 1898, said judgment was sold at public auction to the plaintiff, John Chaney, who was the highest bidder therefor. Said sale.was reported by said executor to the probate court,and was duly approved and confirmed by that court. By all this the plaintiff claims that he has succeeded to all the ownership and title as fully as the same had before the sale vested in said executors or in the sole executor of said estate, and has succeeded to all,the remedies about the collection of the claim, that before its purchase by him, vested in said executors,or either of them, or in said estate.
The petition recites further that on the ljth of November, 1898, plaintiff caused an execution to issue on said judgment against the defendants therein named; that no goods or chattels, lands or tenements were found by the sheriff upon which to levy, and the execution was returned unsatisfied.
The plaintiff since the sale and transfer of said judgment to him, had demanded payment thereof from defendants which was refused, and the executors of said Jacob Powell have made final settlement of said estate and made no provisions for the payment of the judgment in whole or in part; and he says that he is wholly without remedy except upon sajd executors' bond. That more than eighteen months have elapsed since the giving of said bond, and that said estate is solvent.
*401 He says that by reason of the facts so stated, defendants have broken the conditions of said bond, and are now liable to him for the full amount of said judgment, $532.21, with interest and costs, which he seeks to recover.
To this petition of the plaintiff, of which I have given the substance, the defendants each file a demurrer, the ground of which is that the petition does not state factB sufficient to constitute a cause of action against said defends ants jointly,or against any of them or either of them. These demurrers the court sustained, and the plaintiff not desiring to amend his petition or to plead further, the trial court entered judgment upon said demurrers against the plaintiff for costs and awarded execution therefor. To the action of the court sustaining said demurrers and entering said judgment, the plaintiff prosecutes error to this court, and assigns the same as his ground for reversal,
By his action plaintiff seeks to treat this judgment as a claim or demand against the executors of the estate and of the character contemplated in section 6069 of the Revised Stat-. utes, which reads as follows: “The naming of any person executor in a will, shall not operate as a discharge or bequest of any just claim which the testator had against such executor; but such claim shall be included among the credits and effects of the deceased in the inventory; and the executor ahall be liable for the same, as for so much money in his hands at the time such debt or demand becomes due; and he shall apply and distribute the same in the payment of debts and legacies, and among the next of kin, as part of the persona] estate of the deceased.” And that it being a claim against the executor Isaiah Powell, and plaintiff having taken title to it and become the owner of it by his purchase at the sale ordered by the probate court in the disposition of the desperate claims of said estate under section 6077, he is subrogated not only to the rights of the estate, but to whatever remedy the law afforded the estate or the executors in the settlement of their trust.
Isaiah Powell was executor of this estate; he was the principal debtor, or one of them. His testator Jacob Powell was the surety, and out of the estate of the testator the debt was paid, and the judgment reached the hands of the executors by assignment, and was so held until sold by order of the *402 probate court. And so it is urged that it being a demand against Isaiah Powell, it was his duty, coming within the bond which stands for the faithful performance of his trust, to make good his liability upon said judgment, as for so much money in his hands, and that the liability which then existed to the estate, was carried by the sale and was kept vital in favor of plaintiff as the purchaser. This judgment was taken in the lifetime of the testator Jacob Powell; he was certified as surety in the judgment. It was paid after his death by the executors out of the assets of his estate.
As the case is presented to us by the petition, we are of the opinion that the demurrers were properly sustained. If it was a demand due from the executor to the testator at the time of the death of the testator; if the relation of debtor and creditor arose at the time of the undertaking in suretyship, or if not then, the relation of debtor and creditor arose by virtue of the higher liability culminating in the judgment and the certificate of suretyship. fixing the relation of the parties in their contribution to its discharge'and payment, then the demand was money in the hands of- the executor; it was transmuted into money by force of section 6069 in the hands of the executor. As said in 54 Ohio St., 501, and as held in 5 Ohio, 73, no act of-the parties could turn it back to the character of a mere claim or demand or obligation, and as said in 54 Ohio St., 501, “it could not be classed with uncollected debts, as an uncollectible or desperate claim.” It was money; it was a balance in the hands of the executor. As well say that the balance found in his hands for distribution upon final settlement of the estate, held for the estate and secured by his bond, could be called a desperate claim, or a claim at all.
Now, the probate court ordered this claim sold as a des-' perate claim, and that is the character in which it reached the hands of the plaintiff by that sale. He took' it as a desperate claim, not as a balance of money in the bands of theex-ecutor. He took it as a desperate claim against the two insolvent principal debtors; that is all he took of it; he took the desperate part of it, if he took, it at all.
Section 6077 confers no jurisdiction upon the probate court to sell money in the hands of the executor, the property of the estate,-no more than it does to hold an auction *403 and sell the balance found from the executor and in his hands upon final settlement; and without jurisdiction the act of the probate court binds nobody anywhere, and may be attacked, as outside of the law, and void, by any person at any time or place.
M, C. Shafer, and Geo, F. Pendleton, for Plaintiff.
John Sheridan, Nickerson & Bright, for Defendants.
Sections 6069 and 6077 can only be invoked in favor of the estate and for its benefit, and not against it. By the application of section 6069, and under the harsh construction which courts have put upon it, and the cold and merciless weapon which that section and the law that it but re-enacts, affords, desperate claims are transmuted into money, not money into desperate claims.
The money which is thus placed in the hands of the executor by that section is to be applied and distributed in payment of debts and legacies and to the next of kin, says the section, and not sold as a desperate claim. So that we are of the opinion that he took, if he took anything by his purchase, a claim against Kemerer and Isaiah Powell as principal debtors and as individuals, and not against Isaiah as executor; and that the character and remedy contemplated by section 6069 is not within reach of the plaintiff. And in the event that the debt did not arise and exist in the lifetime of the testator, but arose after his death and was made a demand against Isaiah by reason of the judgment having been paid out of the proceeds of the estate, then surely section 6069 would not be applicable to it, nor a remedy which the demand contemplated by that section would warrant.
So that in no event would this purchaser of a desperate claim have recourse to the executors’ bond to make it good.
We find no error in the record to the prejudice of the plaintiff in error, and affirm the judgment of the court to the cost of the plaintiff in error, and remand the case for execution.